**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IVETH VAZQUEZ-AGUILAR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1036-KC** |
| | § | |
| **U.S. DEPARTMENT OF** | § | |
| **HOMELAND SECURITY,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>ORDER</u>

On this day, the Court considered Iveth Vazquez-Aguilar's Petition for a Writ of Habeas Corpus, ECF No. 6. Vazquez-Aguilar is detained at the El Paso Service Processing Center. *Id.* ¶ 2. She argues that her detention is unlawful and asks the Court to order a bond hearing. *Id.* ¶¶ 13–15.

Vazquez-Aguilar entered the United States in 2021 and was apprehended and detained by immigration authorities on July 21, 2025. *Id.* ¶ 13. On April 14, 2026, an immigration judge ordered that she be removed, but this order is not final because she is still within the thirty-day appeal window. Resp. 4, ECF No. 5. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Vazquez-Aguilar's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 2. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Vazquez-Aguilar's case warrant a different outcome." *Id.*

Respondents argue that Vazquez-Aguilar's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1.

Construing the Petition liberally, Vazquez-Aguilar challenges her detention as unlawful on constitutional due process grounds. Pet. ¶¶ 13–15; *see Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (construing pro se litigant's filing liberally); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Vazquez-Aguilar's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, to the extent Vazquez-Aguilar brings a statutory claim, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citation omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–23, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025

WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences between Vazquez-Aguilar's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Vazquez-Aguilar's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Vazquez-Aguilar's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

**IT IS FURTHER ORDERED** that, **on or before April 29, 2026**, Respondents shall either: (1) provide Vazquez-Aguilar with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Vazquez-Aguilar's continued detention; or (2) release Vazquez-Aguilar from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before April 29, 2026**, Respondents shall **FILE** notice informing the Court whether Vazquez-Aguilar has been released from custody. If Vazquez-Aguilar has not been released from custody, Respondents shall inform the Court

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Vazquez-Aguilar's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g., Bonilla Conforme v. de Anda-Ybarra,* No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing Lala Barros, 2025 WL 3154059, at *5 n.1).

whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Vazquez-Aguilar is released from custody, Respondents shall **RETURN** all of her personal property in Respondents' custody, without which her liberty interest will be affected, to her upon release.  Such property includes, but is not limited to, identification documents.

<u>There will be no extensions of the April 29, 2026, deadlines</u>.

<u>Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody</u>.

**SO ORDERED**.

**SIGNED this 22nd day of April, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4